32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph A. ELENTENY, Defendant-Appellant.
 No. 93-10662.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph A. Elenteny appeals his sentence of 41 months imposed after he pleaded guilty to aiding and abetting the possession of a destructive device in violation of 18 U.S.C. Sec. 2 and 26 U.S.C. Sec. 5861(d). Elenteny contends that the district court improperly considered the unreliable hearsay evidence of his co-defendant when calculating his sentence. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for abuse of discretion the district court's evaluation of the reliability of evidence used during sentencing. United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.), amended, 992 F.2d 1015 (9th Cir.1993), cert. denied, 114 S.Ct. 683 (1994).
 
 
 4
 "[A] defendant clearly has a due process right not to be sentenced on the basis of materially incorrect information. Due process requires that some minimal indicia of reliability accompany a hearsay statement." Id. (citation omitted). Although a co-defendant's statement implicating a defendant may be presumptively unreliable, the district court may use corroborating evidence to provide sufficient reliability. Id. at 1369-70.
 
 
 5
 Under the Sentencing Guidelines, the base offense level for unlawful possession of a destructive device is 18. U.S.S.G. Sec. 2K2.1(a)(5). If the defendant "used or possessed any firearm or ammunition in connection with another felony offense," a four-level upward adjustment applies. Id. Sec. 2K2.1(b)(5).
 
 
 6
 Here, Elenteny admitted that he possessed a pipe bomb but made no statement about his involvement in the use of that bomb to destroy a motor home, which constituted the other felony described in section 2K2.1(b)(5). His co-defendant, Shane Kiley, gave the investigating officers a written affidavit that Elenteny had told Kiley he found Bookhammer's truck and that they would get together later. The next day, Elenteny showed Kiley a pipe bomb and drove to Bookhammer's motor home in Kiley's car. Kiley admitted that he had broken into the motor home and ignited the bomb.
 
 
 7
 The district court determined that Kiley's hearsay testimony was reliable and used it to increase Elenteny's offense level. But the court also referred to corroborating evidence in the presentence report, including (1) the physical evidence established that the motor home had been blown up with a pipe bomb; (2) one witness say a gray Cadillac stop near the motor home, saw a man light a fuse inside the motor home, heard someone say "ok it's going let's get out of here," saw the Cadillac leave, and saw the motor home explode; (3) a second witness also saw the Cadillac, heard breaking glass, and heard someone say "let's get out of here"; and (4) shortly after the explosion, police officers stopped Elenteny and Kiley in a gray Cadillac and found tools in the car, and the two witnesses identified the car. On this record, the district court did not abuse its discretion by concluding that the hearsay statement, when considered with the corroborating evidence, was sufficiently reliable and warranted the sentencing adjustment. See Petty, 982 F.2d at 1369-70.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, we deny Elenteny's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3